# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN TOSCANO, CDCR# V-19411,<br><br>                               Plaintiff,<br>v.<br><br>SERGEANT RAMOS,<br><br>                              Defendant. | Case No.: 25cv0186-LL-SBC<br><br>**ORDER DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND DENYING AS MOOT MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF Nos. 1, 2]** |

Plaintiff Adrian Toscano, incarcerated at Centinela State Prison and proceeding pro se, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also moved for leave to proceed in forma pauperis ("IFP"). ECF No. 2. Because Plaintiff raised the same claims against the same Defendant in a prior civil rights action, the Court **DISMISSES** this case as frivolous and **DENIES AS MOOT** his IFP motion.

**I.   DISCUSSION**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as

soon as practicable after docketing," and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which seek "redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fails to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(a), (b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) since it is duplicative of another civil action he previously filed and litigated in this Court. *See Toscano v. Ramos, et al.*, S.D. Cal. No. 3:22-cv-0321-CAB-BGS ("*Toscano I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Toscano I*, Plaintiff claimed that "on or about May 30, 2021, Sgt Ramos (ISU) had notified him about a legal manilla envelope with Petitoner's name on [it], that had been confiscated at another facility." *See Toscano I*, ECF No. 1 at 3. Plaintiff alleged this mail contained an appellate brief that "needed to be sent by mail no later than May 21, 2021," in order to be timely filed and claimed its confiscation caused delay and resulted in the state appellate court denying his appeal. *Id.* at 3–4. On May 10, 2022, Judge Bencivengo screened Plaintiff's complaint, found his allegations "sufficient to plausibly state[] [a] First Amendment access to courts claim against Ramos," and directed the U.S. Marshal to effect service upon Ramos pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). *Id.*, ECF No. 5 at 8, 10.

1    On January 22, 2024, after *Toscano I* was served on Ramos and Plaintiff filed an Amended Complaint re-alleging his access to courts claim, Judge Bencivengo granted in part Ramos's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend because: "(a) Plaintiff fail[ed] [to] plead any facts that Defendant confiscated the legal mail prior to the May 21, 2021, deadline; and (b) Plaintiff fail[ed] to allege a 'nonfrivolous' or 'arguable' underlying claim." *Id.*, ECF No. 28 at 4–5. After the Clerk entered a final judgment of dismissal, Plaintiff filed no appeal. *Id.*, ECF No. 29.

Instead, approximately one year later, on January 24, 2025, Plaintiff filed the instant complaint, ECF No. 1, which was assigned to this Court as *Toscano v. Ramos,* S.D. Cal. No. 3:25-cv-0186-LL-SBC ("*Toscano II*"). In this complaint, Plaintiff again seeks to sue Defendant Ramos for violating his "First Amendment right to access the courts" due to the May 2021 confiscation of his legal mail. *See Toscano II*, ECF No. 1 at 3. Specifically, Plaintiff repeats his previous claim that "[o]n or about May 30, 2021 Plaintiff was approached by Sergeant Ramos (ISU)[,] [and] [] was advised that he had Plaintiff's legal mail and that it was being confiscated." *Id.*

As pleaded, the Court finds Plaintiff's claim in the instant case duplicative of the claim previously alleged and dismissed in *Toscano I*. The two complaints name the same Defendant, allege the same cause of action arising from the same mail confiscation incident, and are filed by the same Plaintiff. *Compare Toscano I*, No. 3:22-cv-0321-CAB-BGS, ECF Nos. 1, 19, *with Toscano II*, No. 3:25-cv-0186-LL-SBC, ECF No. 1. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought the same claim presented in the instant action against the same Defendant in *Toscano v. Ramos, et al.*, S.D. Cal. No. 3:22-cv-0321-CAB-BGS, dismissal of this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir.

2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same.").

## II.  CONCLUSION

Accordingly, the Court **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1); **DENIES AS MOOT** the motion for leave to proceed IFP; **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of Court to enter a judgment of dismissal in S.D. Cal. No. 3:25-cv-0186-LL-SBC and to close the file.

**IT IS SO ORDERED**.

Dated:  February 24, 2025

_____
Honorable Linda Lopez
United States District Judge